# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CUT-HEAL ANIMAL CARE** | § | |
| **PRODUCTS, INC.** | § | |
| | § | |
| **v.** | § | **A-09-MC-481 LY** |
| | § | |
| **AGRI-SALES ASSOCIATES, INC.** | § | |

## ORDER

Before the Court are Nonparty John McCready's Motion to Quash Subpoena issued by Agri-Sales Associates, Inc. and for Protective Order, filed on June 22, 2009 (Clerk's Doc. No. 1), and Defendant's Response.

## I. General Background

In April 1993, Cut-Heal Animal Care Products, Inc. ("Cut-Heal") and Agri-Sales Associates, Inc. ("Agri-Sales") entered into a Marketing Agency Agreement, whereby Agri-Sales agreed to serve as Cut-Heal's exclusive sales representative throughout the United States and Canada with respect to Cut-Heal's over the counter animal care and ethical products. Cut-Heal alleges that in January 2007, it learned that Agri-Sales was selling and distributing a new line of liquid wound care products manufactured by a competitor of Cut-Heal that mimicked Cut-Heal's products. Accordingly, on April 30, 2007, Cut-Heal filed a lawsuit against Agri-Sales in the Dallas Division of the United States District Court for the Northern District of Texas alleging trade dress infringement, trademark infringement, unfair competition/misappropriation, breach of the implied covenant of good faith and fair dealing under Tennessee law, breach of fiduciary duty and a request for an accounting. See *Cut-Heal Animal Care Products, Inc.* v. *Agri-Sales Associates, Inc.*, 3:07-CV-1816-D. In response to the lawsuit, Agri-Sales has asserted several counterclaims for breach of contract, bad faith failure

to pay commissions, and a request for an accounting. In sum, Agri-Sales alleges that Cut-Heal breached the Agreement by failing to pay Agri-Sales its deserved commissions and by bypassing it by directly selling to customers at trade shows in exchange for cash.

On May 27, 2009, Agri-Sales issued a subpoena duces tecum to Wells Fargo Bank, NA, requesting that Wells Fargo produce account information from 2005 to the present for the bank accounts of John McCready, Cut-Heal's Chief Executive Officer. Mr. McCready objects to the subpoena, arguing that the subpoena is overbroad, overbearing, and harassing, and should therefore be quashed. Agri-Sales disagrees and argues that the information is discoverable and is needed to support its counterclaims.

## II. Analysis

Federal Rule of Civil Procedure 26(b)(1) allows for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense" and notes that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The Court finds that the information Agri-Sales has requested in the subpoena is directly relevant to Agri-Sales' counterclaims of breach of contract, bad faith failure to pay commissions, and a request for an accounting. The relevance of the bank account information was made plain by Mr. McCready's deposition testimony, when he testified that he in fact made sales at trade shows, deposited the proceeds in his bank account, and then transferred those proceeds to Cut-Heal's account. Given this testimony, the bank records are relevant to proving the amount of these sales, whether in fact the proceeds were transferred to Cut-Heal's accounts, and the total commissions allegedly owed to Agri-Sales.

The other objection raised by Mr. McCready is that production of the bank records will cause the disclosure of confidential financial information. While the records likely do contain information

in which Mr. McCready has a legitimate expectation of privacy, this is not a reason to prohibit their discovery if they are relevant to pending litigation. Rather, the solution for this problem is the entry of a protective order limiting the parties by whom the documents may be viewed, and to whom they may be distributed. Agri-Sales represents that there is already such an order in place in this case. *See* Response at 8 (Clerk's Doc. No. 5). In light of this, the confidential nature of the banking records is not a proper reason to prevent their disclosure, as Mr. McCready can take advantage of the protections contained within that order.

Accordingly, the Court DENIES Nonparty John McCready's Motion to Quash Subpoena issued by Agri-Sales Associates, Inc.(Clerk's Doc. No. 1).

SIGNED this the 14th day of July, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE